IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| LYNN OXENBERG, and<br>RONALD LEWIS,<br><br>          Plaintiffs,<br><br>     v.<br><br>ALEX AZAR,<br>     in his official capacity as<br>     Secretary of the U.S. Dep't<br>     of Health and Human Services<br><br>          Defendant. | Civil Action No. 20-738 |

**REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f) and the Court's Order, dated March 10, 2020 (Dkt. 8), the undersigned counsel for Plaintiffs Lynn Oxenberg and Ronald Lewis and counsel for Alex Azar, the Secretary of the United States Department of Health and Human Services ("HHS"), have conferred by email and telephone several times, including most recently on March 26, 2020, and submit the following report for the Court's consideration. The Parties also note that they have previously participated in two telephonic status conference with the Court in this matter: (1) on March 9, 2020; and (2) on March 19, 2020.

**I.     Discovery**

This case involves a dispute over Plaintiffs' claims to Medicare for payment for tumor treatment field therapy ("TTFT"). It seeks judicial review of two decisions of HHS administrative

law judges ("ALJs") which affirmed denials of Plaintiffs' claims for TTFT: (1) a May 30, 2019 decision regarding Mr. Lewis; and (2) a September 5, 2019 decision regarding Mrs. Oxenberg.

Pursuant to 42 U.S.C. § 405(g) (made applicable to HHS by 42 U.S.C. § 1395ii), *see* Count I of Complaint, counsel for the Secretary "shall file [with the Secretary's answer] a certified copy of the transcript of the [administrative] record including the evidence upon which the findings and decision complained of are based." Counsel for the Secretary have requested the administrative record but have yet to receive it. The HHS staff who handle such requests are backlogged at the best of times due to the national volume of ALJ appeals. Obtaining that record may be further slowed by social distancing and telework because of COVID19. The Secretary reserves his right to request an extension of the schedule below should production of the record be delayed.

Plaintiffs also allege that the Secretary is collaterally estopped from denying claims for TTFT because of certain other ALJ decisions that paid certain other claims for TTFT by Plaintiffs. In support of Plaintiffs' collateral estoppel argument, Plaintiffs intend to submit certain ALJ decisions regarding TTFT claims that were favorable to Plaintiffs. Counsel for the Secretary has also requested (but not yet received) the administrative record in those cases to, at a minimum, review them to assess the Secretary's defenses. For the reasons set forth above, the Secretary also reserves his right to request an extension of the schedule below should production of these records be delayed.

As this case can be decided on administrative records, no discovery is necessary. Additionally, pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(i), no initial disclosures are necessary.

Given COVID19, counsel intend to file all papers electronically, including the administrative record, without any need for paper courtesy copies.

## II.     Settlement

Counsel have read and discussed Local Civil Rule 53.3 regarding Alternate Dispute Resolution ("ADR").  The Parties have discussed settlement and do not believe that a settlement conference with a magistrate judge, mediation, or any other form of ADR would be productive at this time.

Counsel construes this joint report as satisfying item 2 in the Court's March 10 Order and do not intend to submit a duplicative joint report regarding ADR by fax.

## III.    Schedule and Page Limits

There is a dispute between the Parties on scheduling and page limits, including what was resolved on the March 19 status call regarding scheduling.

Plaintiffs' Position:  Plaintiffs intend to file for summary judgment immediately.  Plaintiffs contend the Secretary's response is due within 14-days of filing of their moving brief in accordance with the Local Rules.  Plaintiffs believe that is what the Court resolved during the March 19 status call.  Plaintiffs oppose the Secretary's request to increase the page limits for briefs to 45 pages. As Plaintiffs understand the procedure adopted (absent an extension ordered by the Court), the Secretary will oppose Plaintiffs' motion for summary judgment in accordance with the Local Rules.  Independent of Plaintiffs' motion, if the Secretary so chooses, the Secretary may file its own motion for summary judgment.  Should that occur, Plaintiffs will oppose in accordance with the Local Rules.  Nevertheless, Plaintiffs note that there is no requirement or need that the Secretary file a motion for summary judgment.  The granting or denial of Plaintiffs' motion for summary judgment would have the effect of denying or granting a motion for summary judgment filed by the Secretary.  *See, e.g., Maupin v. Azar*, 2019 WL 7172599 at * 4 (C.D. Cal. Dec. 9,

3

2019) ("But here, the Motions really are mirror images of each other on issues of law – one will be granted and on will be denied.").

Secretary's Position: The Secretary expressly raised this issue with the Court during the March 19 status call and understands that the Court resolved that the Secretary need not respond to Plaintiffs' motion until April 20, 2020—the due date for the Secretary's answer and the administrative record under the Federal Rules of Civil Procedure.  At that time, the Secretary intends to file a joint cross-motion for summary judgment and opposition to Plaintiffs' motion.  As the Secretary expressed during the March 19 call, absent any exigent circumstances here, the Secretary should not be prejudiced by having to respond to Plaintiff's motion without his counsel having the full administrative record for the various ALJ decisions raised by Plaintiffs or to have Plaintiffs selectively frame the issues by filing an early motion.  The Secretary understood that the Court generally agreed with these concerns on the March 19 status call.  Additionally, the Secretary requests up to 45 double-spaced pages for this brief because, among other things, it is a joint opposition and moving brief and there are two beneficiaries with separate administrative records on review.  As noted above, Plaintiffs oppose this request for an extension of the page limit.

Respectfully submitted,

/s/ James C. Pistorino  
JAMES C. PISTORINO  
Parrish Law Offices  
Pittsburgh, PA 15228  
(412) 561-6250  
james@dparrishlaw.com  

/s/ Matthew E. K. Howatt  
MATTHEW E. K. HOWATT  
Assistant United States Attorney  
615 Chestnut Street, Suite 1250  
Philadelphia, PA 19106  
(215) 861-8335  
Matthew.Howatt@usdoj.gov  

**Attorney for Plaintiffs**          **Attorney for the Defendant**

Dated: March 27, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Report of Rule 26(f) Meeting to be electronically filed and served on all parties through the Clerk of the Court's ECF filing system.

Dated: March 27, 2020

/s/ Matthew E. K. Howatt
MATTHEW E. K. HOWATT
Assistant United States Attorney