IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN OXENBERG and RONALD LEWIS<br><br>*Plaintiffs,*<br><br>v.<br><br>ALEX M. AZAR II, in his official capacity as Secretary of the United States Department of Health and Human Services,<br><br>*Defendant.* | Civil Action No. 20-738-CMR |

## ORDER

AND NOW, this _____ day of _____, 2020, upon consideration of Defendant's Motion for Leave to File 14-Page Sur-Reply Brief, it is ORDERED that Defendant's motion is GRANTED.

BY THE COURT:

_____
HONORABLE CYNTHIA M. RUFE
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN OXENBERG and RONALD LEWIS<br><br>*Plaintiffs,*<br><br>v.<br><br>ALEX M. AZAR II, in his official capacity as Secretary of the United States Department of Health and Human Services,<br><br>*Defendant.* | Civil Action No. 20-738-CMR |

**DEFENDANT'S MOTION FOR LEAVE TO FILE 14-PAGE SUR-REPLY BRIEF**

Pursuant to the Court's Order, dated April 3, 2020 [Dkt. 14] (the "Order"), Defendant Alex M. Azar, II, Secretary of the U.S. Department of Health and Human Services (the "Secretary"), moves this Court for leave to file a 14-page sur-reply brief regarding the cross-motions for summary judgment. Plaintiffs consent to leave to file the sur-reply; however, they do not consent to an extension of the page-limit beyond the 10-pages allowed by Her Honor's Policies and Procedures. Nonetheless, the Court should grant leave to file the 14-page sur-reply to allow the Secretary to address the various new issues and evidence offered in Plaintiffs' reply.

Plaintiffs unusually pressed to go first in this case and filed their Motion for Summary Judgment on March 30, 2020 [Dkt. 12], even before the Secretary had filed the certified administrative record. The Secretary requested leave to file an omnibus opposition to Plaintiffs' motion and a cross-motion for summary judgment of no more than 35 pages, which he filed (along with the certified administrative record) on April 20, 2020 consistent with the Order's extension of the page limit. On that basis, the Order directed Plaintiffs to file a "reply to the

Defendant's response."  Section 7 of Her Honor's Civil Policies and Procedures limits replies to 10 double-spaced pages.  Without seeking consent by the Secretary or authorization from the Court, on May 4, 2020, Plaintiffs filed a 25-page "Reply" based on their contention that Plaintiffs' brief was "an opposition" [Dkt. 23 at ECF p. 8 n. 1].  Although the Secretary does not seek to strike Plaintiff's extra-long Reply brief, the Secretary should be allowed sufficient pages to respond in the interest of basic fairness.  Indeed, to the extent Plaintiffs' Reply is actually "an opposition" then the Secretary should be allowed a further reply, as is the normal practice.

Plaintiffs' Reply raises new arguments and cites new authorities that were not included cited in its first-filed moving brief.  Although some of Plaintiffs' new arguments are irrelevant and do not require a further response, the Secretary requests the opportunity to respond to certain new issues raised in the Reply.  *See Alston v. Forsyth*, 379 F. App'x 126, 129 (3d Cir. 2010) ("There is cause for concern where a movant presents new arguments or evidence for the first time in a summary judgment reply brief. . . . '[T]he nonmoving party should be granted an opportunity to respond.'" (citation omitted)).  The Secretary's proposed 14-page sur-reply brief is attached hereto as an exhibit.

Additionally, Plaintiffs attach to their Reply five new exhibits.  The Secretary objects to consideration of Exhibits J and L, which are materials from other cases that are outside of the administrative record and therefore outside the scope of this appeal.  *See* 42 U.S.C. § 405(g).[1] The Court will note that slightly more than three pages of the proposed 14-page sur-reply are devoted to issues relating to exclusion of evidence and one page is a conclusory paragraph and

---

[1] The Secretary does not object to the other three exhibits, which are an excerpt from a legal treatise from 1913 (Ex. K) and background information regarding Medicare appeals and claims (Ex. I, M).

2

signature block.  Therefore, the sur-reply's discussion of the merits of this case fit within the Her Honor's normal 10-page limit and the modest page extension should be granted.

In short, the Court should grant the Secretary leave to file the 14-page sur-reply out of fairness and also to assist the Court it making its decision in this case.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

/s/ Veronica J. Finkelstein
   for Gregory B. David
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

/s/ Eric S. Wolfish
ERIC S. WOLFISH
Special Assistant United States Attorney/
Assistant Regional Counsel, HHS
Eric.Wolfish@hhs.gov

/s/ Matthew E. K. Howatt
MATTHEW E. K. HOWATT
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
Tel:  215-861-8335
Fax:  215-861-8618
Matthew.Howatt@usdoj.gov

Dated:  May 11, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused a true and correct copy of the foregoing motion for leave to file a sur-reply to be served on counsel for the parties via the Court's CM/ECF system.

/s/ Matthew E. K. Howatt
MATTHEW E. K. HOWATT
Assistant United States Attorney

Dated:  May 11, 2020