IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN OXENBERG and RONALD LEWIS<br><br>*Plaintiffs,*<br><br>v.<br><br>ALEX AZAR II, in his official capacity as the Secretary of the Department of Health and Human Services.<br><br>*Defendant.* | Case No. 2:20-cv-00738-CMR |

**PLAINTIFFS' SUR-REPLY**

In the Secretary's opposition to Plaintiffs' motion for summary judgment and cross-motion, the Secretary asserted that the decisions on which collateral estoppel is based were not part of the administrative record. *See* Dkt. #17 at 11. In their reply/opposition, Plaintiffs showed that that was factually incorrect. *See* Dkt. #22 at 4. In his sur-reply/reply, the Secretary admits that the decisions are part of the record. *See* Dkt. #26 at 11.

In the Sur-reply/reply, the Secretary has a new argument that, while the decisions are part of the record and were before the Council, the Court should still not consider them because they were not before the ALJ. *Id.* (citing *Johnson v. Berryhill*, 2019 WL 7813741 (E.D. Pa. Dec. 19, 2018) and *Matthew v. Apfel*, 230 F.3d 589, (3rd Cir. 2001)). Along these lines, the Secretary asserts that Plaintiffs "escalated these cases to federal court before they could be heard by the Council."

First, as a factual matter, both decisions of ALJ Cohn-Morros (for Mrs. Oxenberg) and the decision of ALJ Hynum (for Mr. Lewis) issued either on the same day or after the decisions on

appeal here. Thus, it would have been impossible for those decisions to be before ALJs MacDougall and Levine because they did not yet exist.

Second, as a factual matter, both Mrs. Oxenberg and Mr. Lewis timely appealed the negative ALJ' decisions at issue to the Council. By statute, the Council was required to issue an opinion in 90 days. *See* 42 U.S.C. § 1395ff(d)(2)(A). It was only when the Council failed to follow Congress' mandate that Plaintiffs escalated these cases. Indeed, in Mr. Lewis' case, he appealed to the Council on July 5, 2019 (see CAR741) and then filed his request for escalation on December 31, 2019 (see CAR730). That is 179 days. Congress required the Secretary to issue a decision within 90 days and the Secretary made the brain cancer patient wait 179 days - and still did not issue a decision.

As to the Secretary's legal points, those are off-base as well. First, the nature of collateral estoppel is that a final decision giving rise to collateral estoppel can actually occur *after* the non-final decision being estopped. *See* Dkt. #12 at 2 (citing *Adkins v. Nestle Purina Petcare Co.*, 779 F.3d 481, 484 (7th Cir. 2015)). Thus, at least partly because of the manner in which collateral estoppel may arise, judicial notice of other proceedings/decisions giving rise to collateral estoppel is common. *See, e.g.*, *Ross v. Meyer*, 741 Fed.Appx. 56, 59 (3rd Cir. 2018) (judicial notice of decisions in parallel proceedings); *Stolarick v. Keycorp*, 2017 WL 4642312 at *1 (E.D. Pa. Oct. 17, 2017); *Humphreys v. McCabe, Weisberg & Conway, P.C.*, 2016 WL 9024599 at *3 (E.D. Pa. Feb. 4, 2016); *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892-93 (11th Cir. 2013) (judicial notice of entry of judgment in related proceeding supporting collateral estoppel); *Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984) (judicial notice of state court proceedings supporting collateral estoppel). Pursuant to 42 U.S.C. § 405(g), this Court may base its decision "upon the pleadings and transcript of the record." Thus, regardless of how else they might be categorized,

this Court can properly consider the collateral estoppel decisions as part of the "pleadings" in this case.

The Secretary's citations to *Johnson* and *Matthews* are inapposite. Both of those cases involve "substantial evidence" reviews where the plaintiff sought to introduce new evidence either before the Social Security Appeals Council and the Council denied the review (*Matthews*) or where the plaintiff introduced new evidence in the district court (*Johnson*). By contrast, at this stage in the present case, Plaintiffs are making a legal argument based on collateral estoppel. In Plaintiffs' view, the decisions on which collateral estoppel is based are not "evidence." Instead, they are documents having independent legal effect.

Further, in *Matthews* the Social Security Appeals Council declined the appeal with the "new" evidence before it. By contrast, in the present case, there was no opportunity for Plaintiffs to get the decisions considered because the MAC simply failed to follow Congress' mandate and issue a decision within the requisite time. Had the MAC complied with the statute and considered the collateral estoppel decisions "new evidence", the MAC could have remanded the matter to the ALJs (*see* 42 C.F.R. § 405.1122(a)(2)). Instead, the MAC failed/refused to act and now contends that its own inaction is the reason why Plaintiffs' motion should be denied. That is not a meritorious position.

Dated:  May 18, 2020

Respectfully submitted,

/s/ *Nicholas R. Rodriguez*
**REED SMITH LLP**
Nicholas R. Rodriguez
Attorney I.D. No. 325327
Three Logan Square

1717 Arch Street, Suite 3100
Philadelphia, PA 19103-7301
(215) 851-8100
nrodriguez@reedsmith.com

**PARRISH LAW OFFICES**
James C. Pistorino (*Admitted Pro Hac Vice*)
788 Washington Road
Pittsburgh, PA 15228
(412) 561-6250
james@dparrishlaw.com

*Attorneys for Plaintiffs*