**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| LYNN OXENBERG and RONALD LEWIS *Plaintiffs,* v. ALEX AZAR II, in his official capacity as the Secretary of the Department of Health and Human Services. *Defendant.* | Case No. 2:20-cv-00738-CMR |

**PLAINTIFFS' SUPPLEMENT TO MOTION FOR SUMMARY
JUDGMENT/OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT**

Plaintiffs Lynn Oxenberg and Ronald Lewis write to apprise the Court of developments in other cases and information recently revealed by Defendant Secretary Alex Azar II (the "Secretary") that has bearing on the pending motions for summary judgment. At issue in the pending motions is the Secretary's allegation that it would be "unfair" to apply collateral estoppel against the Secretary. In particular, the Secretary has represented:

> "It is impracticable for the Secretary to appear as a party in the *over 400,000* Medicare claim appeals that are filed each year at the ALJ level." *See* Dkt. #17 at 2-3 (emphasis in original);

> "The Secretary would be forced to devote Medicare resources to actively litigate hundreds of ALJ appeals to avoid the risk of collateral estoppel, thereby taking resources away from tens of millions [sic] Medicare beneficiaries." *See* Dkt. #17 at 3;

> "Although the Secretary may participate or become a party in ALJ hearings involving beneficiaries represented by counsel, it is impracticable for the Secretary to litigate hundreds of thousands of appeals annually." *See* Dkt. #17 at 27.

Thereafter, Plaintiffs demonstrated that the Secretary's representations were false because *the Secretary* was simultaneously representing to another court that the true number of ALJ appeals filed in the preceding year was ~44,000. *See* Dkt. #23 at 6. Further, Plaintiffs noted that, under the Secretary's own regulations, in beneficiary appeals the Secretary may only appear as a party, cross-examine witnesses, etc. if the beneficiary is represented. *See, e.g.,* 42 C.F.R. § 405.1012. As noted by Plaintiffs, the Secretary has published no data on the number of beneficiary appeals where the beneficiary is represented. That said, the Secretary had published data indicating that ~5,000 beneficiary appeals (both represented and unrepresented) were filed in FY2019. *See* Dkt. #23 at 6.

In response, the Secretary did not withdraw his prior representations or argument. Instead, the Secretary merely stated: "It remains undisputed that there are hundreds of thousands of pending ALJ appeals and nearly 40,000 ALJ appeals filed in 2019, of which at least over 5,000 were beneficiary appeals." *See* Dkt. #26 at 9. Thus, the Secretary never revealed the number of beneficiary appeals filed where the beneficiary was represented and the Secretary was actually permitted to appear.

In other pending cases, the Secretary made the same arguments but resisted the plaintiff's efforts to discover the number of ALJ appeals where the beneficiary was represented. In particular, the Secretary sought protective orders in *Piekanski v. Azar*, Case No. 20-cv-687 (M.D. Pa.); *Wilmoth v. Azar*, Case No. 20-cv-120 (N.D. Miss.); and *Thumann v. Azar*, Case No. 20-cv-125 (S.D. Ohio). The Secretary's effort to keep this information concealed ended up requiring motion practice in two courts (*Piekanski* and *Wilmoth*) and hearings before judges in two courts (*Wilmoth* and *Thumann*). Ultimately, one court (*Piekanski*) stayed all discovery before deciding that the issue was moot because the court held that the Secretary's actions were not supported by

2

substantial evidence in any event.  Two other courts (*Wilmoth* and *Thumann*) ordered the Secretary to produce the information of the number of ALJ appeals filed in FY2018 and FY2019 where the beneficiary was represented.

Finally, on October 27, 2020, the Secretary served interrogatory answers indicating that in FY2019, the number of ALJ appeals filed where the beneficiary was represented (and the Secretary, therefore, was permitted to participate) was 2,602 - nationwide.  *See* Exhibit A.  Thus, rather than the Secretary appearing "as a party in over 400,000 Medicare claim appeals that are filed each year at the ALJ level", or the Secretary appearing as a party in the ~44,000 ALJ appeals filed each year, or the Secretary appearing as a party in the ~5,000 beneficiary appeals filed each year, the Secretary could have actually appeared in a maximum of 2,602 represented beneficiary appeals filed at the ALJ level in FY2019.  To put that in context, 2,602 is only 0.65% of the 400,000 appeals represented to the Court by the Secretary.  To further put that in context, on average that is 50 represented beneficiary appeals filed each week (*i.e.*, one per week from each State in the nation).

Further, the Secretary has published data indicating that in FY2019 more than 54% of the appeals filed were dismissed (*e.g.*, as untimely or due to the death of the beneficiary).[1]  Multiplying this dismissal rate by the number of represented beneficiary appeals and subtracting that from the total, results in 1,415 represented beneficiary appeals.  That is, in only 1,415 cases an ALJ hearing was presumably held (or the decision issued "on the record") and a decision actually issued.  To put that in context, on average that is 27 ALJ hearings per week.

---

[1] See https://www.hhs.gov/about/agencies/omha/about/current-workload/decision-statistics/index.html (last visited October 28, 2020).

To be clear, these are the maximum number of ALJ hearings the Secretary could appear in, if he so chose.  Alternatively, the Secretary could rely on the fact that the beneficiary bears the burden of proof and choose not to attend (as he did in Mrs. Oxenberg and Mr. Lewis' cases).  As Plaintiffs have pointed out, even in the cases where the Secretary chooses not to appear, the Secretary can appeal a negative decision on so-called "own motion review."

Plaintiffs believe that this is all irrelevant because the Supreme Court affirmed the application of collateral estoppel against the government knowing that the United States was (at that time) a party to ~33% of all litigation in the United States.  *See U.S. v. Mendoza*, 464 U.S. 154, 159-60 (1984).  Thus, whatever the number of appeals, the Secretary is still subject to collateral estoppel.  Nevertheless, the information the Secretary was ordered to provide belies the Secretary's factual claims in this case.

Now that the true number of represented beneficiary ALJ appeals has been revealed, it strains credulity for the Secretary to argue that it "would be impracticable" for the Secretary to appear and/or that it would be "unfair" for the Secretary to be bound by collateral estoppel.[2]

Dated:  October 30, 2020                    Respectfully submitted,


                                            /s/ *Nicholas R. Rodriguez*
                                            **REED SMITH LLP**
                                            Nicholas R. Rodriguez
                                            Attorney I.D. No. 325327
                                            Three Logan Square
                                            1717 Arch Street, Suite 3100
                                            Philadelphia, PA 19103-7301
                                            (215) 851-8100
                                            nrodriguez@reedsmith.com

---

[2] By way of background, Parrish Law Office is a three-attorney law firm, where only two attorneys primarily handle Medicare ALJ hearing requests and the hearings themselves.  In FY2019, Parrish Law Office filed 502 requests for ALJ hearings on behalf of beneficiaries.  Further, in FY2019, Parrish Law Office participated in 472 actual ALJ hearings on behalf of beneficiaries.  On average, the ALJ hearings last 30 minutes each.  *See* Exhibit B.

**PARRISH LAW OFFICES**
James C. Pistorino (*Admitted Pro Hac Vice*)
788 Washington Road
Pittsburgh, PA 15228
(412) 561-6250
james@dparrishlaw.com

*Attorneys for Plaintiffs*

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

|  |  |
|---|---|
| **JOHN THUMANN** | Case No. 1:20-cv-00125 |
| *Plaintiff,* |  |
| v. | Judge Timothy S. Black |
| **ALEX AZAR**, in his capacity as Secretary of the United States Department of Health and Human Services, | Magistrate Judge Stephen K. Bowman |
| *Defendant.* |  |

## RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Alex Azar, Secretary of Health and Human Services, hereby serves the following Response to Plaintiff's First Set of Interrogatories.

## GENERAL OBJECTIONS

These general objections apply as though restated in full in Defendant's Response to Plaintiff's First Set of Interrogatories Directed to Defendant.

1.          Defendant objects to the Interrogatories to the extent that they seeks information protected from disclosure by the attorney/client, attorney work product deliberative process.

2.       Defendant objects to any and all of the Interrogatories to the extent that they seek disclosure of the mental impressions, conclusions, opinions, legal research and legal theories of counsel.

3.       Defendant objects to any and all of the Interrogatories to the extent that they seek to discover the manner or method of proof at trial.

4.       Defendant objects to any and all of the Interrogatories to the extent that they seek information that is irrelevant, overbroad, unduly burdensome to produce, or not reasonably calculated to lead to the discovery of admissible evidence.

5.       Defendant objects to any and all of the Interrogatories to the extent that they seek information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a.

## CONDITIONS

1.       These answers are made without in any way waiving or intending to waive, but on the contrary, intending to preserve:

a)       All objections as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other actions;

b)       The right to object to the use of any information which may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any other grounds;

c)       The right to object on any ground at any time to further discovery proceedings involving or relating to the subject matter of the Interrogatories; and

d)       The right at any time to revise, correct, supplement, clarify or amend these responses in accordance with the Federal Rules of Civil Procedure.

2

2.      All answers to the Interrogatories are based on Defendant's best understanding of the Interrogatories and/or the terms used therein. Such responses cannot properly be used as evidence except in the context in which the Defendant understood the Interrogatories and/or the terms used therein.

3.      These answers are not a representation or concession as to the relevance and/or relationship of the information to this action.

## ANSWERS AND SPECIFIC OBJECTIONS TO INTERROGATORIES

1.      Identify each Person who provided information or otherwise participated in the preparation of Your answers or responses to these Interrogatories.

**RESPONSE:**

Margaret Castro
Assistant United States Attorney

Jon Dorman
Director, Appeals Policy and Operations Division
Office of Medicare Hearings and Appeals

Brian J. Haring
Deputy Chief Administrative Law Judge
Office of Medicare Hearings and Appeals

Brian Pflaum
Assistant Regional Counsel
Office of the General Counsel
U.S. Department of Health & Human Services

2.      Identify the number of ALJ appeals for fiscal year 2019, including:

   a) The total number of ALJ appeals;
   b) The total number of beneficiary ALJ appeals;
   c) The total number of beneficiary ALJ appeals where the beneficiary was represented;
   d) The total number of non-beneficiary ALJ appeals; and
   e) The total number of non-beneficiary ALJ appeals where the non-

3

beneficiary was represented.

**RESPONSE:**

Please see attached chart.  In sum:

  a) The total number of ALJ appeals: 43,887
  b) The total number of beneficiary[1] ALJ appeals: 6,865
  c) The total number of beneficiary ALJ appeals where the
     beneficiary was represented: 2,602 (649 attorney[2], 1,953 other representative)
  d) The total number of non-beneficiary[3] ALJ appeals: 37,022
  e) The total number of non-beneficiary ALJ appeals where the non-
     beneficiary was represented: 14,368 (1,8,18 attorney, 12,550 other representative)

  3.    Identify the number of ALJ appeals for fiscal year 2018, including:

  a) The total number of ALJ appeals;
  b) The total number of beneficiary ALJ appeals;
  c) The total number of beneficiary ALJ appeals where the
     beneficiary was represented;
  d) The total number of non-beneficiary ALJ appeals; and
  e) The total number of non-beneficiary ALJ appeals where the non-
     beneficiary was represented.

**RESPONSE:**

Please see attached chart.  In sum:

  a) The total number of ALJ appeals: 62,762
  b) The total number of beneficiary ALJ appeals: 6,265
  c) The total number of beneficiary ALJ appeals where the

---

[1] Beneficiary "Other" includes: Advocacy Group, Appointed representative using an Appointment of Representative form (AOR), Authorized Representative (e.g., power of attorney), Member of Congress, Estate, and Family.
[2] "Attorney" includes only those appeals where Attorney as requestor type was selected by staff in the case processing system when docketing the request for hearing. Some of the Requestors included in "Other" may be attorneys.
[3] Non-Beneficiary "Other" includes: Advocacy Group, Appointed representative using an Appointment of Representative form (AOR), Authorized Representative (e.g., power of attorney), State Medicaid Agency, Unspecified, and other.

beneficiary was represented: 2,062 (548 attorney, 1,514 other representative)

d) The total number of non-beneficiary ALJ appeals: 56,497

e) The total number of non-beneficiary ALJ appeals where the non-beneficiary was represented: 20,171 (1,170 attorney, 18,461 other representative)

Respectfully submitted,

DAVID M. DEVILLERS
United States Attorney

*s/Margaret A. Castro*

MARGARET A. CASTRO (0078968)
Assistant United States Attorney
Attorney for Defendant
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6972
E-mail: Margaret.Castro@usdoj.gov

# Office of Medicare Hearings and Appeals
# FY18 and FY19 Requests for Hearing by Requestor Type

| Appeals | 2018 | | | 2019 | | | Summary |
|---|---|---|---|---|---|---|---|
| | Beneficiary | Non-Beneficiary | Summary | Beneficiary | Non-Beneficiary | Summary | |
| Provider[1] | | 36,324 | **36,324** | 9 | 22,648 | **22,657** | **58,981** |
| Attorney[2] | 548 | 1,710 | **2,258** | 649 | 1,818 | **2,467** | **4,725** |
| Beneficiary | 4,203 | 2 | **4,205** | 4,254 | 6 | **4,260** | **8,465** |
| Other[3] | 1,514 | 18,461 | **19,975** | 1,953 | 12,550 | **14,503** | **34,478** |
| **Summary** | **6,265** | **56,497** | **62,762** | **6,865** | **37,022** | **43,887** | **106,649** |

1. Included in "Provider" are:  Provider, Non-Contract Provider, and Prescribing Physician.

2. "Attorney" includes only those appeals where Attorney as requestor type was selected by staff in the case processing system when docketing the request for hearing.  Some of the Requestors included in "Other" may be attorneys.

3. Beneficiary "Other" includes:  Advocacy Group, Appointed representative using an Appointment of Representative form (AOR), Authorized Representative (e.g., power of attorney), Member of Congress, Estate, and Family.

Non-Beneficiary "Other" includes:  Advocacy Group, Appointed representative using an Appointment of Representative form (AOR), Authorized Representative (e.g., power of attorney), State Medicaid Agency, Unspecified, and other.

Run Date:  September 17, 2020
Source of Data:  ECAPE and MAS – ALJ Lifecycle Star Package

## **VERIFICATION**

Rule 33, Federal rules of Civil Procedure, requires that your answers be in writing, under oath and signed. On the lines below please swear to the truth of your answers and enter the date on which you swear and sign.

By signing below, I swear that the answers given to the above Interrogatories are truthful.

Dated  10-26-2020

Brian J. Haring
Deputy Chief Administrative Law Judge
Office of Medicare Hearings and Appeals

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| LYNN OXENBERG and<br>RONALD LEWIS<br><br>     *Plaintiffs,*<br><br>     v.<br><br>ALEX AZAR II, in his official capacity as the<br>Secretary of the Department of Health and<br>Human Services.<br><br>     *Defendant.* | Case No. 20-738 |

## DECLARATION OF DEBRA M. PARRISH

I, Debra M. Parrish, declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the following is true and corrected based upon my personal knowledge and belief:

1.    I am an attorney admitted to practice in the Commonwealth of Pennsylvania, the District of Columbia, and the States of Florida and North Carolina. I am also admitted to practice in the Ninth and Eleventh Circuits. I am also a member of the Bar of the United States Patent & Trademark Office.

2.    I have a Bachelor of Science degree in Biomedical Engineering and a J.D, both from Duke University.

3.    I am a member of the American Health Lawyers Association, the National Association of College and University Attorneys, the Council of Science Editors and the Society of Research Administrators.

4.      I previously worked as a government attorney with the Department of Health and Human Services in the Office of Research Integrity.

5.      I have been representing Medicare beneficiaries since at least 2013 and have participated in thousands of Administrative Law Judge hearings in the Medicare appeals process.

6.      I am also the founder and managing partner of Parrish Law Offices.  Since 2015, Parrish Law Offices has employed three attorneys (myself, Bridget Noonan, and James Pistorino). While Mr. Pistorino's area of practice is primarily federal litigation, Mrs. Noonan and myself handle nearly all of the requests for ALJ hearings on behalf of beneficiaries and also conduct the hearings themselves.

7.      In the usual course of its business, Parrish Law Offices maintain records of requests for ALJ hearings filed on behalf of beneficiaries and the hearings conducted.  I have reviewed these records and they reflect that in FY2019, Parrish Law Office filed 502 requests for ALJ hearing on behalf of beneficiaries represented by Parrish Law Offices.  During FY2019, Parrish Law Office conducted 472 ALJ hearings on behalf of beneficiaries.

8.      Based on the thousands of ALJ hearings I have personally participated in, I believe that the average ALJ hearing lasts 30 minutes or less.

Dated:  _10/29/20_____          _____

                                                            Debra M. Parrish